| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Point Investments, Ltd. |
| 2. | **Debtor's unique identifier** | **For non-individual debtors:**<br>☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___<br>☑ Other 43769 . Describe identifier Bermuda Registration No. .<br>**For individual debtors:**<br>☐ Social Security number: xxx – xx– ___ ___ ___ ___<br>☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___ ___<br>☐ Other _____ . Describe identifier _____ . |
| 3. | **Name of foreign representative(s)** | Andrew Childe, Richard Lewis, Mathew Clingerman |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Winding up proceeding under Sec. 161(g) of the Companies Act 1981 (Bermuda) |
| 5. | **Nature of the foreign proceeding** | *Check one:*<br>☑ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | **Evidence of the foreign proceeding** | ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>Order granting winding up petition and appointing Andrew Childe, Richard Lewis and Mathew Clingerman to continue as Joint Provisional Liquidators |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br>☑ Yes |

| Debtor | Point Investments, Ltd. | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Bermuda

**Debtor's registered office:**

Chancery Hall, 1st Floor, 52 Reid Street
Number    Street

_____
P.O. Box

Hamilton                              HM    12
City       State/Province/Region    ZIP/Postal Code

Bermuda
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City       State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Chancery Hall, 1st Floor, 52 Reid Street
Number    Street

PO Box 671
P.O. Box

Hamilton                              HM    12
City       State/Province/Region    ZIP/Postal Code

Bermuda
Country

**10. Debtor's website** (URL)

N/A

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

| Debtor | Point Investments, Ltd. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____   Mathew Clingerman
   Signature of foreign representative          Printed name

Executed on   03 / 29 / 2022
              MM / DD / YYYY

✗ _____   Andrew Childe
   Signature of foreign representative          Printed name

Executed on   03/29/2022
              MM / DD / YYYY

✗ _____   Richard Lewis
   Signature of foreign representative          Printed name

Executed on   03 / 29 / 2022
              MM / DD / YYYY

**14. Signature of attorney**

*/s/ Jacob R. Kirkham*                          Date  03 / 29 / 2022
Signature of Attorney for foreign representative       MM / DD / YYYY

Jacob R. Kirkham
Printed name

Kobre & Kim LLP
Firm name

600 North King Street, Suite 501
Number      Street

Wilmington                                      DE         19801
City                                            State      ZIP Code

(302) 518-6460                                  jacob.kirkham@kobrekim.com
Contact phone                                   Email address

5768                                            DE
Bar number                                      State

## Exhibit 1

Order

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL COURT
COMPANIES ACT (WINDING UP)
2020: No. 300

IN THE MATTER OF POINT INVESTMENTS, LTD. (PROVISIONAL LIQUIDATORS APPOINTED)

AND IN THE MATTER OF THE COMPANIES ACT 1981

## ORDER

**UPON** the petition being presented by Spanish Steps Holding Ltd (**Petitioner**) to this Court on 16 September 2020 and amended with leave of the Court on 18 November 2021 (**Amended Petition**)

**AND UPON** the Order of this Court dated 29 October 2021 (**Appointment Order**) appointing Andrew Childe and Richard Lewis of FFP Limited, 10 Market Street, #769 Camana Bay, Grand Cayman, Cayman Islands and Mathew Clingerman of Krys Global, Chancery Hall, 1st Floor, 52 Reid Street, Hamilton, HM 12, PO Box 671, HM CX, Bermuda as Joint Provisional Liquidators (**JPLs**) of Point Investments, Ltd. (**Company**)

**AND UPON** reading the First Affidavit of Mathew Clingerman dated 2 December 2021, and the Second Affidavit of Mathew Clingerman dated 17 February 2022

**AND UPON** the Order of this Court dated 3 December 2021 adjourning the Amended Petition and expanding the JPLs' powers

**AND UPON** the Orders of this Court dated 17 December 2021, 14 January 2022 and 4 February 2022 adjourning the Amended Petition

**AND UPON** hearing counsel for the Petitioner and counsel for the Company and the JPLs

**IT IS HEREBY ORDERED** that:

1. The Company be wound up under the provisions of the Companies Act 1981 (**Act**).

2. That Andrew Childe and Richard Lewis of FFP Limited, 10 Market Street, #769 Camana Bay, Grand Cayman, Cayman Islands and Mathew Clingerman of Krys Global, Chancery Hall, 1st Floor, 52 Reid Street, Hamilton, HM 12, PO Box 671, HM CX, Bermuda be appointed to continue as JPLs.

3. The JPLs not be required to give security for their appointment.

4. The JPLs shall have the power to act jointly and severally in their capacity as joint provisional liquidators of the Company.

5. The powers granted to the JPLs shall include all of those under section 175 of the Act and shall not be limited, pursuant to section 170 (3) of the Act.

6. Without restricting the generality of paragraph 5 above, the JPLs shall be empowered to carry out the

following:

(a) to ascertain the assets of the Company and their location and take all steps necessary including Court actions where appropriate to obtain possession of such assets and to bring the same under their control and further, where appropriate, bring the same into the jurisdiction of this Honourable Court and, for this purpose, to seek the assistance of the Courts of the various jurisdictions in which assets of the Company are located;

(b) to incur and pay from the assets of the Company all reasonable expenses and disbursements in connection with the running, administration and management of the Company's records and affairs and offices (and this shall include all costs charges and expenses of attorneys, managers, accountants, auctioneers, brokers, and all other agents or other persons that the JPLs may engage or employ);

(c) if appropriate, in the discretion of the JPLs, to retain or employ such further professionals or other individuals, partnerships, associations or companies, to assist in running the affairs and business of the Company and for the purposes of ascertaining and quantifying the assets, records and liabilities of the Company, such employment being either in this jurisdiction or in any other jurisdiction of the world where the Company has conducted business or entered into contracts with third parties;

(d) to render invoices for their own remuneration at their usual and customary rates (and this shall include all costs charges and expenses of his attorneys, , managers, accountants, auctioneers, brokers, and all other agents or other persons that the JPLs may engage or employ);

(e) to see, review, secure, take possession of and copy any books, papers, writings, documents and records relating to the accounts and audit of the Company's accounts that are located in the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction;

(f) to see, review, secure, take possession of and copy the claims and financial records of the Company that are located in the offices of the Company or any company affiliated with the Company or any other person;

(g) to operate any existing bank, investment, or other financial accounts established in the name of the Company;

(h) to open and operate bank, investment, or other financial accounts in the name of the JPLs or the Company as may be necessary;

(i) to conduct such investigations and obtain such information as is necessary to identify, locate, protect, secure, take possession of, collect and get in the assets of the Company and determine the Company's liabilities, and/or to enable these proceedings to otherwise proceed in a speedy and efficient manner;

(j) to do all such things as may be necessary or expedient for the protection of the Company's property or assets;

(k) to employ and dismiss any employees of the Company;

(l) to discharge rent, salaries of any employees of the Company and other current expenses of the Company;

(m) to grant or accept a surrender of a lease or tenancy of any of the property of the Company and to

take a lease or tenancy of any property required or convenient for the business of the Company;

(n) to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company;

(o) to effect insurance in connection with the management and maintenance of the business, property and assets of the Company;

(p) to do all acts and to execute in the name and on behalf of the Company all deeds receipts or other documents and for that purpose using when necessary the Company's seal;

(q) to rank and claim in the bankruptcy, liquidation or insolvency of any person (including but not limited to any body corporate) indebted to the Company and to receive dividends, and to accede to trust deeds for the creditors of any such person;

(r) to change the situation of the Company's registered office;

(s) to carry on all or any portion of the business of the Company so far the JPLs as may consider it beneficial to the winding-up of the Company;

(t) to take control of and exercise all rights which the Company may have in relation to any subsidiaries, joint ventures, investments, associated companies, businesses, or other entities (collectively "Entities") in which the Company holds an interest (directly or indirectly) or such shares as are owned by the Company (directly or indirectly), as may be necessary to obtain control or management of any such Entities including, without prejudice to the generality of the foregoing, the rights relating to the appointment or removal of all or any directors and other officers (including legal representatives) and agents of any such Entities and to take all such steps as the thought fit to protect the interests of the Company;

(u) to retain and employ barristers, attorneys, solicitors or other lawyers in Bermuda, the United States, Switzerland, the Cayman Islands, the United Kingdom and other jurisdictions as the JPLs see fit for the purpose of advising and assisting the JPLs in the execution of their powers or in any legal or arbitration proceedings and such professionals or other individuals, partnerships, associations or companies as they may consider necessary with regard to the execution of their powers and they shall in their discretion determine the quantum of remuneration to be paid to such attorneys, professionals or other individuals, partnerships, associations or companies as aforesaid;

(v) to consider any legal or arbitration proceedings wherever situate in which the Company either is a party or of which the Company presently has conduct or which the Company would, but for these liquidation proceedings, take conduct and (for any purpose, including without restriction the purpose of preserving the *status quo* in relation to proceedings while the JPLs complete their own due diligence in relation to such proceedings) to pay all fees and expenses and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or to defend such proceedings or to apply for a stay of such proceedings;

(w) to consider and if thought advisable to commence such actions as may be necessary to protect, recover or obtain assets and or monies belonging or due to the Company and to commence all other proceedings, whether in Bermuda or in any other jurisdiction outside Bermuda as may be necessary to protect, recover or obtain assets and or monies belonging or due to the Company and/or have their appointment recognised;

(x) to consider and if thought advisable to bring, participate in, or defend any action or other legal proceedings, whether in Bermuda or in any other jurisdictions outside of Bermuda, in the name and on behalf of the Company;

(y) consider and if thought advisable commence such actions as may be necessary to have their appointment recognised in jurisdictions outside of Bermuda including for the avoidance of doubt the United States, the Cayman Islands, Switzerland, the United Kingdom and other jurisdictions as may be relevant;

(z) to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the Company, with the same effect with respect to the liability of the Company, with the same effect with respect to liability of the Company as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business;

(aa) to raise on the security of its assets of the Company any money required;

(bb) to do all things incidental to the exercise of the foregoing powers.

7. The JPLs be at liberty to apply generally to this Honourable Court to make such orders for regulating the future conduct of the affairs of the Company as this Honourable Court shall see fit.

8. The JPLs may bring or defend in their names any action or other legal proceedings which relate to the said property belonging to the said Company or which it is necessary to bring or defend for the purposes of effectually winding-up the Company and recovering its property as aforesaid as provided by section 174 of the Act. Notwithstanding paragraph 9 below, the costs charges and expenses of all persons retained or employed by the JPLs together with the costs charges and expenses of the JPLs and all other costs and expenses properly incurred in the course of the provisional liquidation of the Company shall be paid as bills are rendered out of the assets of the Company in accordance with Rule 140 of the Companies (Winding Up) Rules 1982.

9. The time for the holding of the first meetings of creditors and contributories under section 171 of the Act be extended by three months, to six months from the date of this Order.

10. The Second Affidavit of Mathew Clingerman dated 17 February 2022 be sealed on the Court file and not be open to inspection by any person unless upon further Order of this Court.

11. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs charges and expenses of those persons or firms employed by them and that such taxation shall be on an attorney-and-own-client basis with respect to the costs charges and expenses of attorneys and on an equivalent basis for all managers, accountants, auctioneers or other persons.

12. The Petitioner shall have its costs of this application as costs of preserving, realising, or getting in the assets of the Company pursuant to Rule 140 of the Companies (Winding Up) Rules 1982.

Dated the 18th day of February 2022.

Hon. Chief Justice / ~~Puisne Judge~~

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES (WINDING UP)

2020: No. 300

IN THE MATTER OF POINT INVESTMENTS, LTD
(PROVISIONAL LIQUIDATORS APPOINTED)

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---

**CAREY OLSEN BERMUDA LIMITED**
Rosebank Centre, 5th Floor
11 Bermudiana Road
Pembroke HM 08
Bermuda

**Attorneys for the Petitioner**

**Exhibit 2**

Petitioner's Statement Pursuant to Rule of Bankruptcy Procedure 1007(a)(4)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>POINT INVESTMENTS, LTD.<br>(IN LIQUIDATION),[1]<br><br>Debtor in Foreign Proceedings. | Chapter 15<br><br>Case No. [●] |

**PETITIONERS' STATEMENT PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(4)**

I, Mathew Clingerman of Krys & Associates (Bermuda) Ltd., in my capacity as one of the Joint Provisional Liquidators and putative foreign representatives of Point Investments, Ltd. (the "Debtor"), declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am over the age of 18 and, if called upon, could testify as to all matters set forth in this statement.

2. The Joint Provisional Liquidators and putative foreign representatives (the "Petitioners") are informed that Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that a foreign representative filing a petition for recognition under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") shall file with the petition:

> (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

-1-

is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 1007(a)(4).

3. The Petitioners are further informed that Bankruptcy Rule 7007.1(a) provides that:

Any corporation . . . shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

Fed. R. Bankr. P. 7007.1(a).

4. The Petitioners are further informed that under section 101(9) of the Bankruptcy Code, a "corporation":

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;
(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;
(iii) joint-stock company;
(iv) unincorporated company or association; or
(v) business trust; but
(B) does not include limited partnership.

11 U.S.C. § 101(9).

5. In accordance with Bankruptcy Rule 1007(a)(4), the Petitioners hereby provide the following information.

A. **Corporate Ownership Statement**

6. Spanish Steps Holdings Ltd. ("SSH"), a company organized in the British Virgin Islands, is the registered owner of all issued common shares (and therefore the economic interest) in the Debtor. BCT Limited ("BCT"), as trustee of the A. Eugene Brockman Charitable Trust (the

"Trust"), is the owner of SSH. The Trust is governed by Bermudian Law, and the beneficiaries of the Trust are members of the family of the settlor, Mr. A. Eugene Brockman (now deceased), as well as "any organization qualifying as a charitable organization under the laws of Bermuda, the United States, or Great Britain."[2]

**B.  List of Administrators of Foreign Proceedings**

7. The following is a list containing the names and addresses of all persons or bodies "authorized to administer foreign proceedings" of the Debtor:

- <u>Name</u>: Mathew Clingerman of Krys & Associates (Bermuda) Ltd., in his capacity as Joint Provisional Liquidator and putative foreign representative of Point Investments, Ltd.

    <u>Address</u>: Chancery Hall, 1st Floor, 52 Reid Street, Hamilton, HM 12, PO Box 671, HM CX, Bermuda.

- <u>Name</u>: Andrew Childe of FFP Limited, in his capacity as Joint Provisional Liquidator and putative foreign representative of Point Investments, Ltd.

    <u>Address</u>: 10 Market Street, #769 Camana Bay, Grand Cayman, KY1-9006, Cayman Islands.

- <u>Name</u>: Richard Lewis of FFP Limited, in his capacity as Joint Provisional Liquidator and putative foreign representative of Point Investments, Ltd.

    <u>Address</u>:10 Market Street #769 Camana Bay, Grand Cayman, KY1-9006, Cayman Islands.

**C.  Litigation Parties in the United States**

8. To the best of the Petitioners' knowledge, the Debtor is not a party to any litigation in the United States.

**D.  Parties Against Whom Provisional Relief is Sought Under Section 1519**

9. The Petitioners are seeking provisional relief pursuant to sections 1519(a) and 1521(a)(7) of the Bankruptcy Code to (i) stay execution against the Debtor's assets and (ii) apply

---

[2] The trustee of the Trust, BCT Limited, is a controlled subsidiary of Maples FS Limited, which is a licensed trust company in the Cayman Islands.

section 362 of the Bankruptcy Code in respect of the Debtor and its property within the territorial jurisdiction of the United States until such time as the court rules on the Petition. Such provisional relief is sought as against the Internal Revenue Service and all persons (as such terms is defined in Section 101(41) of the Bankruptcy Code), including but not limited to:

- Vista Equity Partners Management, LLC;
- Vista Equity Partners, LLC;
- VEPF IV Co-Invest 1A, LP
- VEPF IV Co-Invest 2-A, L.P.
- VEPF IV Co-Invest 1-B, L.P.
- VEPF IV Co-Invest 2-B, L.P.
- Vista Equity Partners Fund IV (Parallel), L.P.
- Vista Equity Partners Fund VI-A, L.P.
- Vista Foundation Fund I (Parallel), L.P.
- Vista Foundation Fund II-A, L.P.
- Vista Equity Partners Fund Ill (Parallel), L.P.
- VEPF Ill AIV (Cayman), LP
- SD Rollover Vehicle, LP

10. The Petitioners reserve the right to seek additional provisional and/or interim relief pursuant to, without limitation, sections 105 and 1519 of the Bankruptcy Code (as well as any applicable Bankruptcy Rules) at a later date if the Petitioners deem such relief necessary and appropriate under the circumstances.

Executed this March 29, 2022
in Hamilton, Bermuda.

_____
*Mathew Clingerman, Krys & Associates (Bermuda) Ltd., in his capacity as one of the Joint Provisional Liquidators and putative foreign representatives of Point Investments, Ltd.*

# **Exhibit 3**

Petitioners' Statement Pursuant to Section 1515(c) of the Bankruptcy Code

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>POINT INVESTMENTS, LTD.<br>(IN LIQUIDATION),[1]<br><br>Debtor in Foreign Proceedings. | Chapter 15<br><br>Case No. [●] |

## PETITIONERS' STATEMENT PURSUANT TO
## SECTION 1515(c) OF THE BANKRUPTCY CODE

I, Mathew Clingerman of Krys & Associates (Bermuda) Ltd., in my capacity as one of the Joint Provisional Liquidators and putative foreign representatives of Point Investments, Ltd. (the "Debtor"), declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am over the age of 18 and, if called upon, could testify as to all matters set forth in this statement.

2. The Joint Provisional Liquidators and putative foreign representatives (the "Petitioners") are informed that section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code") provides that "[a] petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative."

3. I am further informed that section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

-1-

insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

4. I hereby state that there is one "foreign proceeding" with respect to the Debtor, which is the foreign proceeding for which the Petitioners seek recognition in this chapter 15 case. Specifically, the Debtor is the subject of a winding up proceeding commenced pursuant to section 161(g) of the Bermuda Companies Act 1981 (as amended) and the Companies (Winding Up) Rules 1982 (as amended), and such proceeding is currently pending before the Supreme Court of Bermuda, Commercial Court, Case 2020: No. 300.

Executed on this 29th day of March 2022
in Hamilton, Bermuda.

*Mathew Clingerman, Krys & Associates (Bermuda) Ltd., in his capacity as one of the Joint Provisional Liquidators and putative foreign representatives of Point Investments, Ltd.*