## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| POINT INVESTMENTS, LTD. (IN LIQUIDATION),[1] | Case No. [●] |
| Debtor in Foreign Proceedings. | |

## MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(M) AND (Q) AND 9007 FOR ORDER SCHEDULING RECOGNITION HEARING AND APPROVING FORM AND MANNER OF NOTICE

Andrew Childe and Richard Lewis of FFP Limited, and Mathew Clingerman of Krys & Associates (Bermuda) Ltd., in their capacity as putative foreign representatives and duly-appointed Joint Provisional Liquidators (in such capacity, the "Petitioners") for Point Investments Ltd. (the "Debtor") in respect of the winding up proceeding pending before the Supreme Court of Bermuda, Commercial Court, Case 2020: No. 300, by and through the undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order"): (i) scheduling April 22, 2022 (or a date as soon thereafter as the Court's schedule permits) (the "Recognition Hearing Date") as the evidentiary hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15* (the "Verified Petition") and *Official Form 401, Chapter 15 Petition for Recognition of a Foreign Proceeding* (together, the "Petitions"); (ii) setting the date that is seven days prior to the Recognition Hearing Date as the deadline by which any responses or

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda underregistration number 43769. The Debtor's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

objections to the Petitions must be filed with the Court (the "Objection Deadline"); (iii) approving the form and manner of notice of the Petitions, the Recognition Hearing Date, and the Objection Deadline (the "Notice Procedures"), including the form of notice that is attached as Exhibit 1 to the Proposed Order (the "Recognition Hearing Notice"); (iv) granting related relief as provided herein; and (v) granting such other relief as the Court deems just and proper. In support of this Motion, the Petitioners respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2.      The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition. The Court may find therein a description of, among other things, the Debtor's corporate structure and U.S. assets, as well as a discussion of the events leading to the filing of the Petitions.

## RELIEF REQUESTED

3.      This Motion seeks entry of an order, substantially in the form of the Proposed Order attached hereto as Exhibit A: (i) scheduling April 22, 2022 at 10:00 a.m. (prevailing Eastern Time), or a date as soon thereafter as the Court's schedule permits, as the Recognition Hearing Date; (ii) setting the Objection Deadline as a date seven days prior to the Recognition Hearing Date; (iii) approving the Notice Procedures, including the Recognition Hearing Notice attached to the Proposed Order as Exhibit 1; (iv) granting related relief as provided herein; and (v) granting such other and further relief as the Court deems just and proper.

**<u>BASIS FOR RELIEF REQUESTED</u>**

4.      Rule 2002(q)(l) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>") provides that at least 21 days' notice of any hearing to consider the Petitions must be

given to the "debtor," to "all administrators in foreign proceedings of the debtor, [to all] entities

against whom provisional relief is being sought" under section 1519 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), to all parties to any pending litigation "in the United States in

which the debtor is a party," and to any other parties the Court may direct. Bankruptcy Rules

2002(m) and 9007 state that the form and manner of notice shall be designated by the Court,

unless otherwise provided by the Bankruptcy Rules. The Bankruptcy Rules do not prescribe the

form and manner of notice to be provided in connection with a hearing on a petition for

recognition of a foreign proceeding and, therefore, the Court may do so.

5.      The Petitioners propose to serve a notice substantially in the form of the

Recognition Hearing Notice by first class prepaid mail, or by FedEx for parties with an

international address, on the parties identified on <u>Exhibit B</u> (collectively, the "<u>Notice Parties</u>") in

accordance with Bankruptcy Rules 2002(k) and (q) and Rule 2002-1(h) of the Local Rules for

the District of Delaware. The Petitioner proposes to complete such notice by March 31, 2022 and

submits that such notice constitutes adequate and sufficient notice of this chapter 15 case, the

relief sought in the Petitions, the time fixed for the filing of objections to such relief, and the time,

date, and place of the Recognition Hearing.

6.      Additionally, the Petitioners propose to serve upon the Notice Parties the

following documents by first class prepaid mail and electronic mail, where an email address is

available: (a) this Motion; (b) a notice substantially in the form of the Recognition Hearing

Notice; (c) the Petitions; (d) the *Declaration of Lilla Zuill Pursuant to 28 U.S.C. § 1746*; (e) the

*Declaration of Adam M. Lavine Pursuant to 28 U.S.C. § 1746*; and (f) the Proposed Order, once

it is entered. The Petitioners will complete such electronic notice within two business days of entry of the Proposed Order.

7.      The Petitioners respectfully request that the Court approve the foregoing Notice Procedures pursuant to Bankruptcy Rules 2002(m) and (q) and 9007, and find that the Recognition Hearing Notice (attached as <u>Exhibit 1</u> to the Proposed Order) provides adequate information to apprise the Notice Parties of the chapter 15 case, the relief sought in the Petitions, the time fixed for the filing of objections to such relief, and the time, date, and place of the Recognition Hearing.

8.      Bankruptcy Rule 1012(b) provides, among other things, that a party objecting to a chapter 15 petition must present such objection no later than seven days before the date set for the hearing on the petition. In light of this requirement, the Petitioners respectfully submit that it is appropriate for the Court to set: (i) April 22, 2022 (or a date as soon thereafter as the Court's schedule permits) as the Recognition Hearing Date; and (ii) a date seven days prior to the Recognition Hearing Date as the Objection Deadline.

9.      Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case is given to foreign creditors, such notification shall indicate the time and place for filing proofs of claim as well as whether such filing is necessary for secured creditors. It is generally accepted, however, that section 1514 does not apply in a chapter 15 ancillary case. As explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy 1514.01 (16th ed. rev. 2016). As such, this Court routinely finds inapplicable and/or waives the requirements of section 1514 in chapter 15 cases. *See, e.g., In re JustFly Corp.*, No. 20-11204

(JTD) (Bankr. D. Del. May 22, 2019), Dkt. No. 12 (order stating that all notice requirements specified in section 1514(c) of the Bankruptcy Code are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Motorcycle Tires & Accessories LLC*, No. 19-12706 (KBO) (Bankr. D. Del. Dec. 19, 2019), Dkt. No.19 (same); *In re Syncreon Automotive (UK) Ltd.*, No. 19-11702 (BLS) (Bankr. D. Del. July 30, 2019), Dk. No. 7 (same); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. June 18, 2019), Dkt. No. 9 (same); *In re Unique Broadband Systems Ltd.*, No. 19-11321 (BLS) (Bankr. D. Del. June 10, 2019), Dkt. No. 11 (same); and *In re SEL Manufacturing Co., Ltd.*, 19-10988 (MFW) (Bankr. D. Del. May 6, 2019), Dkt. No. 16 (same). Given that section 1514(c) does not apply with respect to this chapter 15 case (as the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code), the Petitioner respectfully submits that the requirements contained therein are inapplicable or, alternatively, respectfully requests that such requirements be waived by this Court.

## NO PRIOR REQUEST

10.     No prior motion or application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that the Court: (i) enter an order, substantially in the form of the Proposed Order annexed hereto as Exhibit A, granting the relief requested herein; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated:  March 29, 2022
Wilmington, Delaware

Respectfully submitted,

**KOBRE & KIM LLP**

/s/ *Jacob R. Kirkham*

Jacob R. Kirkham (No. #5768)
600 North King Street
Suite 501
Wilmington, Delaware 19801
Tel: (302) 518-6456
Jacob.Kirkham@kobrekim.com

Adriana Riviere-Badell (*Pro Hac Vice* Forthcoming)
Evelyn Baltodano Sheehan (*Pro Hac Vice* Forthcoming)
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Tel: (305) 967-6117
Adriana.Riviere-Badell@kobrekim.com
Evelyn.Sheehan@kobrekim.com

Adam M. Lavine (*Pro Hac Vice* Forthcoming)
Victor S. Leung (*Pro Hac Vice* Forthcoming)
800 Third Avenue
6th Floor
New York, New York 10022
Tel: (212) 488-1200
Adam.Lavine@kobrekim.com
Victor.Leung@kobrekim.com

*Counsel for the Petitioners*