IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-bk-10261-JKS |
| | Chapter 15 |
| POINT INVESTMENTS, LTD. | Judge J. Kate Stickles |
| (IN LIQUIDATION), | |
| | **Response Deadline: 3/31/22 @ 8 AM** |
| Debtor in a Foreign Proceeding. | **Hearing: 3/31/22 @ 10 AM** |

**UNITED STATES' OPPOSITION TO MOTION TO SHORTEN NOTICE
AND MOTION TO VACTE ORDER**

The Court should deny the Petitioners' *Motion to Shorten Time with Respect to Motion for Provisional Relief under Section 1519 of The Bankruptcy Code*" and reconsider the *Order* granting the Motion. (Dkt. No. 8, 13). Their motion for provisional relief is not a genuine emergent matter. It is instead an attempt to seek relief that has thus far failed to secure in ongoing litigation with the United States in another court. *See Robert T. Brockman v. United States of America*, 4:22-cv-00202 (S.D. Tex.). The IRS made a jeopardy assessment against Brockman for income taxes, fraud penalties, and interest totaling $1.4 billion. (*See* Dkt. No. 7, ¶ 9.) Robert Brockman is challenging the IRS jeopardy assessment in *Robert T. Brockman v. United States of America*, 4:22-cv-00202 (S.D. Tex.) and that is currently pending. Apart from that proceeding itself, there is the criminal proceeding against Robert Brockmnan which is just one part of a large individual tax evasion case, that is also pending in the Southern District of Texas. *See United States v. Robert T. Brockman*, 4:21-cr-00009 (S.D. Tex.). Given the complexity of the issues involved, the minimal notice given to the United States, the lack of any immediate need for relief, and the potential jurisdictional barriers to the granting of the relief

sought, the court should not grant the motion to shorten notice. It should instead permit the United States at least fourteen days to prepare an adequate response.

The United States received inadequate notice of the motion for provisional relief. It was served by email shortly before midnight last night on the Department of Justice attorneys representing the United States in the above-mentioned civil proceeding in Texas. That is not proper service under the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7004(i)(1). Thirty-two hours is also insufficient to prepare an adequate response given the factual and legal complexity of the underlying dispute this proceeding is meant to disrupt.

Denying the motion to permit the United States more time to respond also will not harm the debtor. It appears that the debtor is currently in liquidation and has no ongoing business that can be harmed by the IRS's collection efforts. Any funds actually collected through the IRS's levies will be held by the U.S. Treasury. The debtor thus has no valid concerns that it will eventually be unable to recover the money if a court determines the levies were improper or the underlying taxes were not owed.

Finally, the Court should exercise caution in granting any relief due to the potential jurisdictional barriers to enjoining the IRS's activities. The automatic stay does not apply upon the filing of a petition for recognition, and the United States has not waived sovereign immunity as to the provision under which the debtor seeks relief from the Court. *See* 11 U.S.C. § 106(a)(1). The Tax Anti-Injunction Act also provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Act's principal purpose is "'the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference,'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-737 (1974)

(quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)), and it bars

injunctive relief even if the threatened collection action "would cause an irreparable injury, such

as the ruination of the taxpayer's enterprise." *Bob Jones Univ.*, 416 U.S. at 745.  The Act applies

to bankruptcy courts notwithstanding § 105's broad grant to issue injunctive relief.  *In re*

*Becker's Motor Trans., Inc.*, 632 F.2d 242, 246 (3d Cir. 1980), *cert. denied*, 450 U.S. 916

(1981).  While undersigned counsel has not had time to meaningfully research the issue, it stands

to reason that the Tax Anti-Injunction Act should take precedence over § 1519(a) just as it does

over § 105(a).  These potential jurisdictional obstacles counsel against granting the requested

relief without more time for the parties to research and brief the issues.

In its motion to shorten notice, the Debtor asked for opposition to the motion to be filed

by March 31, 2022, at 8:00 am.  (Dkt. 8, ¶ 6.)  The Court, however, granted the Order on March

30 at 5:02 pm.  (Dkt. 13.)  This occurred as the United States was preparing to file this

opposition.  The United States would ask the Court vacate the Order to allow it to consider this

Opposition.  To the extent necessary, the United States opposes any other relief that may be

granted before it has had time to adequately prepare a response.


//

//

//

For the foregoing reasons, the United States respectfully requests that the Court vacate the Order, deny the Debtor's motion to shorten time, and grant the United States at least fourteen days to respond to the motion for provisional relief.


Date:  March 30, 2022,

<div style="margin-left: 40%;">

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Ari D. Kunofsky
WARD W. BENSON
ARI D. KUNOFSKY
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-353-9187
Email: Ari.D.Kunofsky@usdoj.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing OPPOSITION was filed with the clerk of the court on March 30, 2022, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

<div align="center" style="text-align:right">

/s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division

</div>