## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>POINT INVESTMENTS, LTD.,<br>(IN LIQUIDATION)[1]<br><br>　　　　Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10261 (JKS) |

## ORDER GRANTING PROVISIONAL RELIEF
## UNDER SECTION 1519 OF THE BANKRUPTCY CODE

Upon the Petitioners' *Motion for Provisional Relief Under Section 1519 of the Bankruptcy Code* (the "Motion")[2] requesting, in their capacity as the duly-appointed Joint Provisional Liquidators and putative foreign representatives of Point Investments, Ltd. (the "Debtor"), the entry of this order (this "Order") provisionally staying any execution against the Debtor's assets and applying section 362 of the Bankruptcy Code to the Debtor and the property of the Debtor within the United States, pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code; and whereas the Joint Provisional Liquidators have represented that they do not seek a provisional stay of any exercise of a police or regulatory act of a governmental unit, and do not seek enforcement of a provisional stay as to the criminal or civil court proceedings involving Robert T. Brockman pending before the United States Tax Court and the District Court for the Southern District of Texas, or of the civil asset forfeiture proceeding pending in the District Court for the District of Colorado; and whereas the Joint Provisional Liquidators have not sought, on a provisional basis, relief under sections 1519(a)(2) or 1521(b) of the Bankruptcy Code; and whereas the Joint

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Provisional Liquidators have represented that, currently, they are not seeking to repatriate assets to Bermuda; and the Court having considered the Motion; and the Court having found good cause for granting the relief requested therein; and the Court having held a hearing on the Motion on March 31, 2022 (the "First Day Hearing"); and the Court having preliminarily found that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.); and the Court having found that this is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code; and the Court having found that venue of this proceeding is proper before this Court pursuant to sections 1410 of title 28 of the United States Code; and the Court having found adequate and sufficient notice of the Motion having been provided; and no other or further notice being required; it is hereby:

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that any execution against the Debtor's assets is provisionally stayed starting as of March 31, 2022, pursuant to section 1519(a)(1) of the Bankruptcy Code, and until such time as the Court rules on the Petition; and it is further

**ORDERED** that the automatic stay set forth in section 362 of the Bankruptcy Code shall apply provisionally to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States, starting as of March 31, 2022, pursuant to section 1519(a)(3) of the Bankruptcy Code, and until such time as the Court rules on the Petition; and it is further

**ORDERED** that the Joint Provisional Liquidators and United States Department of Justice, Tax Division (the "DOJ") shall each file a brief on the docket no later than April 14, 2022 at 4:00 p.m. (prevailing Eastern Time), that addresses the sovereign immunity and Tax Anti-

Injunction Act issues raised by the DOJ on the record at the First Day Hearing and in the *United States' Opposition to Motion to Shorten Notice and Motion to Vacate Order* [D.I. 14]; and it is further

**ORDERED** that prior to a decision on the Petition, Petitioners will not direct the transfer of the Debtor's assets located within the territorial jurisdiction of the United States to a location outside the territorial jurisdiction of the United States, except after notice to the DOJ and approval from the Court; and it is further

**ORDERED** that the Court shall hold a hearing to consider the Motion on a final basis on April 25, 2022 at 1:00 p.m. (prevailing Eastern Time); and it is further

**ORDERED** that this Order shall be immediately effective and enforceable upon its entry.

**Dated: April 5th, 2022**
**Wilmington, Delaware**

J. KATE STICKLES
**UNITED STATES BANKRUPTCY JUDGE**