IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>POINT INVESTMENTS, LTD.<br>(IN LIQUIDATION),[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br><br><br>Case No. 22-10261-JKS<br>**Re: Docket No. 3** |

**ORDER GRANTING PETITION FOR
(I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF
FOREIGN REPRESENTATIVES, AND (III) RELATED RELIEF UNDER CHAPTER 15**

Upon the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [D.I. 1] (the "Petition"), the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15* [D.I. 3] (the "Verified Petition")[3] filed by the Petitioners, the Joint Provisional Liquidators and putative foreign representatives for Point Investments, Ltd. (the "Debtor"), and upon consideration of (i) the Petition and Verified Petition, (ii) the *Declaration of Lilla Zuill Pursuant to 28 U.S.C. § 1746* [D.I. 4], and (iii) the *Declaration of Adam M. Lavine Pursuant to 28 U.S.C. § 1746* [D.I. 5] and the Court having determined that the relief sought in the Verified Petition is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having considered the evidence and statements regarding the Verified Petition in the documents filed with the Court and at the hearing on the Verified Petition (the "Hearing"); and the Court having determined that the legal, evidentiary and factual bases set forth in the documents filed with the Court, at the Hearing and in

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed in the Verified Petition.

-1-

-2-

the declarations establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the relief sought is **GRANTED** to the extent set forth herein:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these proceedings pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.) (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

C.  The Petitioners are the duly appointed "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code, of the Bermuda Proceeding with respect to the Debtor.

D.  The Debtor has property or property rights within this district, and, therefore, the Debtor is eligible to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

E.  This case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F.  The Verified Petition and associated filings meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

G. The Bermuda Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

H. The Bermuda Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

I. The Debtor's center of main interests ("COMI") is located in Bermuda. Accordingly, the Bermuda Proceeding is a "foreign main proceeding" of the Debtor, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The relief sought in the Verified Petition is necessary to effectuate the purpose of chapter 15, and to protect the Debtor and the interests of its creditors and other parties in interest. To the extent that any hardship or inconvenience may result to any party in interest, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Debtor, its creditors, and other parties in interest.

K. The relief granted hereby: (i) is necessary and appropriate in the interest of the public and international comity; (ii) is consistent with the public policy of the United States; (iii) is available and warranted pursuant to sections 105(a), 1507(a), 1521(a) and 1525(a) of the Bankruptcy Code; and (iv) will not cause the Debtor's creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief herein.

L. Absent the relief requested, the Debtor may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with a claim against the Debtor thereby interfering with, and causing harm to, the Debtor, its creditors, and other parties in interest in the Bermuda Proceeding and, as a result, the Debtor, its creditors,

and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

M.     Appropriate notice of the filing of and the Hearing on the Verified Petition, and the relief requested in the Verified Petition and at the Hearing was given, including in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedure 2002(m) and (q) and 9007 Scheduling Recognition Hearing and Approving Form and Manner of Notice* [D.I 25], which notice is deemed adequate for all purposes, and no other or future notice is or shall be required.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Verified Petition and the relief requested therein is GRANTED.

2.     All objections, if any, to the Verified Petition or the relief requested therein that have not been waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3.     The Bermuda Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

4.     The Petitioners are recognized as the duly-appointed foreign representatives (as defined in section 101(24) of the Bankruptcy Code) of the Debtor, are authorized to act on behalf of the Debtor in this chapter 15 case and in the United States.

5.     All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Bermuda Proceeding, the Debtor, the Debtor's property located within the United States, and the foreign representatives, as applicable.

6. The Petitioners are entitled to seek discovery, examine witnesses, seek and take evidence, and deliver or obtain information concerning the Debtor's assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code.

7. The Petitioners are entrusted with the administration and realization of all of the Debtor's assets located within the territorial jurisdiction of the United States, pursuant to sections 1521(a)(5) of the Bankruptcy Code.

8. The Petitioners and their agents are authorized to serve and provide any notices required under the Bankruptcy Rules, local rules or order of this Court.

9. The Petitioners are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and are authorized and empowered and may in their direction and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

10. No action taken by the Petitioners in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Bermuda Proceeding or any order entered in this chapter 15 case shall be deemed to constitute a waiver of the rights or benefits afforded the Petitioners under sections 306 and 1510 of the Bankruptcy Code.

11. Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 proceeding by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry, and upon its entry, shall be final and appealable as contemplated by 28 U.S.C. § 158(a).

-6-

12. This Court shall retain jurisdiction with respect to all matters from or related to the implementation, interpretation, enforcement, amendment or modification of this Order.

Dated: April 22, 2022
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE