**IN THE SUPREME COURT OF BERMUDA**
**COMMERCIAL COURT**
**2020: No. 300**

IN THE MATTER OF POINT INVESTMENTS, LTD. (IN LIQUIDATION)

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**
Appointment of Permanent Liquidators

---

**UPON** the application of the provisional liquidators of Point Investments, Ltd. (the "Company") dated 20 July 2022

**AND UPON READING** the reports of the provisional liquidators of the Company of the results of the meetings of creditors and contributories made to the court and respectively dated 7 July 2022

**AND UPON READING** the Third Affidavit of Mathew Connor Clingerman and Exhibit MCC-3

**AND UPON READING** the Fourth Affidavit of Mathew Connor Clingerman, the First Affidavit of Andrew Childe, the First Affidavit of Richard Lewis as to the fitness of the liquidators hereinafter named

**AND UPON** the Honourable Chief Justice Hargun considering the application suitable to be disposed of on the papers without the need for an oral hearing

**IT IS HEREBY ORDERED** that:

1. Andrew Childe and Richard Lewis of FFP Limited, 2nd Floor, Harbour Centre, 159 Mary Street, George Town, Grand Cayman, Cayman Islands, and Mathew Clingerman of Kroll Bermuda Ltd., 4th Floor, The Vallis Building, 58 Par-La-Ville Road, Hamilton, HM 11, Bermuda be appointed as liquidators of the Company (the "Liquidators").

2. The Liquidators shall not be required to provide security for their appointment.

3. Notice of this Order be gazetted and advertised in the Bermuda Royal Gazette newspaper within 7 days from the date of this Order.

4. The Liquidators shall have the power to act jointly and severally in their capacity as joint Liquidators of the Company.

5. The powers granted to the Liquidators shall include all of those under section 175 of the Companies Act 1981 (the "Act").

6. Without restricting the generality of paragraph 5 above, the Liquidators shall be empowered to carry out the following:

(a) to ascertain the assets of the Company and their location and take all steps necessary including Court actions where appropriate to obtain possession of such assets and to bring the same under their control and further, where appropriate, bring the same into the jurisdiction of this Honourable Court and, for this purpose, to seek the assistance of the Courts of the various jurisdictions in which assets of the Company are located;

(b) to incur and pay from the assets of the Company all reasonable expenses and disbursements in connection with the running, administration and management of the Company's records and affairs and offices (and this shall include all costs, charges, and expenses of attorneys, managers, accountants, auctioneers, brokers, and all other agents or other persons that the Liquidators may engage or employ);

(c) if appropriate, in the discretion of the Liquidators, to retain or employ such further professionals or other individuals, partnerships, associations, or companies to assist in running the affairs and business of the Company and for the purposes of ascertaining and quantifying the assets, records and liabilities of the Company, such employment being either in this jurisdiction or in any other jurisdiction of the world where the Company has conducted business or entered into contracts with third parties;

(d) to render invoices for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys, managers, accountants, auctioneers, brokers, and all other agents or other persons that the Liquidators may engage or employ);

(e) to see, review, secure, take possession of and copy any books, papers, writings, documents, and records relating to the accounts and audit of the company's accounts that are located in the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction;

(f) to see, review, secure, take possession of and copy the claims and financial records of the Company that are located in the offices of the Company or any company affiliated with the Company or any other person;

(g) to operate any existing bank, investment, or other financial account established in the name of the Company;

(h) to open and operate bank, investment, or other financial accounts in the name of Liquidators or the Company as may be necessary;

(i) to conduct such investigations and obtain such information as is necessary to identify, locate, protect, secure, take possession of, collect and get in the assets of the Company and determine the Company's liabilities, and/or to enable these proceedings to otherwise proceed in a speedy and efficient manner;

(j) to do all such thing as may be necessary or expedient for the protection of Company's property or assets;

(k) to employ and dismiss any employees of the Company;

(l) to discharge rent, salaries of any employees of the Company and other current expenses of the Company;

(m) to grant or accept a surrender of a lease or tenancy of any of the property of the Company and to take a lease or tenancy of any property required or convenient for the business of the Company;

(n) to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company;

(o) to effect insurance in connection with the management and maintenance of the property and assets of the Company;

(p) to do all acts and to execute in the name and on behalf of the Company all deeds receipts or other documents and for that purpose using when necessary the Company's seal;

(q) to rank and claim In the bankruptcy, liquidation or insolvency of any person (including but not limited to any body corporate) indebted to the Company and to receive dividends, and to accede to trust deeds for the creditors of any such person;

(r) to change the situation of the Company's registered office;

(s) to carry on all or any portion of the business of the Company so far as the Liquidators may consider it beneficial to the winding-up of the Company;

(t) to take control of and exercise all rights which the Company may have in relation to any subsidiaries, joint ventures, investments, associated companies, businesses, or other entities (collectively "Entitles") in which the Company holds an interest (directly or indirectly) or such shares as are owned by the Company (directly or indirectly), as may be necessary to obtain control or management of any such Entities Including, without prejudice to the generality of the foregoing, the rights relating to the appointment or removal of all or any directors and other officers (including legal representatives) and agents of any such Entities and to take all such steps as they think fit to protect the interests of the company;

(u) to retain and employ barristers, attorneys, solicitors or other lawyers in Bermuda, the United States, Switzerland, the Cayman Islands, the United Kingdom and other jurisdictions as the Liquidators see fit for the purpose of advising and assisting the Liquidators in the execution of their powers or in any legal or arbitration proceedings and such professionals or other individuals, partnerships, associations, or companies as they may consider necessary with regard to the execution of their powers and they shall In their discretion determine the quantum of remuneration to be paid to such attorneys, professionals or other individuals, partnerships, associations or companies as aforesaid;

(v) to consider any legal or arbitration proceedings wherever situate in which the Company either is a party or of which the Company presently has conduct or which the Company would, but for these liquidation proceedings, take conduct and (for any purpose, including without restriction the purpose of preserving the status quo in relation to

10. The Liquidators' costs of and incidental to this application be paid out of the assets of the Company as an expense of the liquidation.

**DATED** this 15th day of August 2022.

_____
**THE HON. CHIEF JUSTICE HARGUN**
**SUPREME COURT OF BERMUDA**

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL COURT
2020: No. 300

IN THE MATTER OF POINT INVESTMENTS, LTD (IN LIQUIDATION)

AND IN THE MATTER OF THE COMPANIES ACT 1981

---
**ORDER**
Appointment of Permanent Liquidators
---

 

**Harneys (Bermuda) Limited**
Rose Cottage
18 Parliament Street
Hamilton, HM 12, Bermuda

**Attorneys for the Applicants**

6