## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| **POINT INVESTMENTS, LTD.**<br>**(IN LIQUIDATION),** | **Case No. 22-10261 (JKS)** |
| **Debtor in a Foreign Proceeding.**[1] | <u>**Hearing Date:**</u><br>**April 18, 2023 at 10:00 a.m. (ET)**<br><br><u>**Objection Deadline:**</u><br>**April 6, 2023 at 4:00 p.m. (ET)** |

## MOTION OF FTI GP I, LLC ON BEHALF OF FALCATA TECH INVESTMENT FUND I, L.P. FOR DETERMINATION THAT THERE IS NO AUTOMATIC STAY, OR IN THE ALTERNATIVE SEEKING RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH ADVERSARY PROCEEDING

FTI GP I, LLC (the "<u>General Partner</u>") on behalf of Falcata Tech Investment Fund I, L.P. (the "<u>Fund</u>"), by and through its undersigned counsel, respectfully submits this motion for an order pursuant sections 105(a), 1520(a), and 362(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") for a determination that there is no stay of the adversary proceeding entitled *FTI GP I, LLC on behalf of Falcata Tech Investment Fund I, L.P. v. Point Investments, Ltd.*, Adv. Proc. No. 23-50122 (JKS) (the "<u>Adversary Proceeding</u>") currently pending in this Court, or in the alternative, seeking relief from the stay arising under section 1520(a) of the Bankruptcy Code.  In support of the Motion, the General Partner states as follows:

---

[1] Point Investments, Ltd. ("Point") is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769.  Point's registered office is located at Chancery Hall, 1st Floor, 52 Reid Street, Hamilton HM 12, Bermuda.

## BACKGROUND

1.      On September 16, 2020, the registered owner of Point Investments, Ltd.'s ("Point") common shares, Spanish Steps Holdings Ltd., filed a petition in the Supreme Court of Bermuda seeking a just and equitable winding up of Point's affairs (the "Wind-up Petition") under the Bermuda Companies Act 1981 (as amended), as supplemented by common law, governing the liquidation of companies in Bermuda, and the Companies (Winding-Up) Rules 1982 (as amended) (the "Bermuda Proceeding").  *See Verified Petition For (I) Recognition Of Foreign Main Proceeding, (II) Recognition Of Foreign Representatives, And (III) Related Relief Under Chapter 15* [ECF No. 3] (the "Chapter 15 Petition") ¶ 17.  On October 29, 2021, the Supreme Court of Bermuda appointed Andrew Childe and Richard Lewis of FFP Limited and Mathew Clingerman of Krys & Associates (Bermuda) Ltd. as the Joint Provisional Liquidators of Point.  *Id.*  On February 18, 2022, the Supreme Court of Bermuda granted the Wind Up Petition.  *Id.* at ¶ 19.

2.      On March 29, 2022 (the "Chapter 15 Petition Date"), Point filed the Chapter 15 Petition for Recognition in this Court.  As set forth in the Chapter 15 Petition, Point sought recognition under chapter 15 of the Bankruptcy Code in order to prevent the Internal Revenue Service from levying and seizing Point's assets located in the United States.  *Id.* at ¶ 3.  Point did not provide notice to or serve the General Partner or the Fund with the Chapter 15 Petition.

3.      On April 22, 2022, the Court entered the *Order Granting Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15*  (the "Recognition Order") [ECF No. 34].  In relevant part, the Recognition Order provides that "[a]ll relief protections afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Bermuda Proceeding, the Debtor [Point], the Debtor's property located within the United States and the foreign

representatives, as applicable." Recognition Order ¶ 5. Point did not provide notice to or serve the General Partner or the Fund with the Recognition Order.

4.      Prior to the Chapter 15 Petition Date, on or about April 20, 2018, Point became a limited partner of the Fund when it entered into an agreement to purchase and subscribe to an interest as limited partner in the Fund with a capital contribution, which was accepted on behalf of the Fund by the General Partner. As a limited partner, Point agreed to be bound by the terms and conditions set forth in the Amended and Restated Exempted Limited Partnership Agreement, dated April 20, 2018 (the "Limited Partnership Agreement") and the Master Transaction Agreement, dated July 1, 2019 (the "Master Transaction Agreement", and with the Limited Partnership Agreement, the "Fund Agreements"). *See* Case No. 23-50122 ("AP") ECF No. 1, Exs. 1 & 2.

5.      The Fund Agreements set forth obligations for Point, as limited partner, and rights and remedies that the General Partner can exercise in the event of Point's default under the Fund Agreements. *See* Limited Partnership Agreement §§ 5.2(d), 5.4(a); Master Transaction Agreement, §§ 1.2, 1.3.

6.      On June 16, 2020, the manager of the Fund, Falcata Capital LLC (the "Manager"), sent Point a demand letter requesting a Capital Contribution in the amount of $625,000 due on July 1, 2020 in accordance with the procedures set forth in the Fund Agreements (the "July Capital Contribution").

7.      On August 4, 2020, following Point's failure to make the July Capital Contribution, the Manager sent Point a default letter (the "Default Notice") stating that Point had not paid the July Capital Contribution as required under the Limited Partnership Agreement (the "Default"), and in accordance therewith, Point had five business days to cure the Default. The Default Notice further stated that if Point failed to pay the Capital Contribution within five days from the date of

the Default Notice, Point would be designated as in Default by the Manager, and would be "subject to any all of the rights and remedies afforded to the General Partner and the Fund under the Limited Partnership Agreement." *See* AP ECF No. 1, Ex. 4.

8.      Point failed to pay the July Capital Contribution in accordance with the Default Notice, and as a result, Point is in default under the Fund Agreements.

9.      On March 3, 2023, the General Partner commenced the Adversary Proceeding, pursuant to Bankruptcy Rule 7001, which seeks to fix and liquidate amounts owed to the Fund as a result of Point's prepetition breaches of the Limited Partnership Agreement and the Master Transaction Agreement, as well as limited declaratory relief as to the contractual obligations between the parties. *See* ECF No. 45.

10.     On March 21, 2023, following the General Partner's request to Point for it to accept service of the Adversary Proceeding, Point asserted, *inter alia*, that the Adversary Proceeding violated the section 362 automatic stay and the moratorium in the Bermuda Proceeding. Any such claim is incorrect as set forth in this motion, so the General Partner makes this motion to proceed with the Adversary Proceeding before this Court.[2]

### **RELIEF REQUESTED AND BASIS THEREFOR**

11.     By this Motion, the General Partner respectfully requests that the Court enter an order determining that no stay of the Adversary Proceeding exists, or in the alternative, to the extent that the Court determines that the stay arising by operation of section 1520(a)(1) of the Bankruptcy Code applies to the Adversary Proceeding, granting limited relief from the automatic

---

[2] For the avoidance of doubt, the commencement of the Adversary Proceeding in Delaware does not breach the provisions of section 167(4) of the Bermuda Companies Act 1981, which includes the Bermuda moratorium. The provisions do not apply to proceedings in courts outside Bermuda. *See* Dicey, Morris & Collins on the Conflict of Laws 16th Ed., section 30-124 (discussing the functionally equivalent section 130 of the UK Insolvency Act 1986); *Re Vocalion (Foreign) Ltd [1932] 2 Ch. 196; Mazur Media Ltd. v Mazzur Media GbmH  [2004] 1 W.L.R. 2966.*

stay for the purpose of administering the Adversary Proceeding so as to liquidate the General Partner's claim and obtain declaratory relief as to the contractual obligations between the parties. Additionally, to the extent applicable, the General Partner seeks a waiver of Bankruptcy Rule 4001(a)(3).

<strong><u>BASIS FOR RELIEF</u></strong>

**A.**     **<u>There is No Automatic Stay in a Chapter 15 Proceeding, and the Stay Authorized Pursuant to Section 1520(a)(1) Under the Recognition Order Does Not Enjoin the Adversary Proceeding.</u>**

12.     An ancillary proceeding commenced under chapter 15 of the Bankruptcy Code does not invoke section 362 in the same manner as a proceeding commenced under sections 301, 302, or 303 of title 11.  11 U.S.C. 362(a).  Indeed, by virtue of the ancillary nature of a chapter 15 proceeding and the in rem nature of the court's jurisdiction, the stay afforded under section 1520(a)(1) of the Bankruptcy Code is limited to actions against property of Point within the territorial jurisdiction of the United States—which is not at issue in the Adversary Proceeding. *See* 11 U.S.C. 1520(a)(1).

13.     As an initial matter, section 362(a) of the Bankruptcy Code does not, by its terms, apply in a chapter 15 proceeding as it is limited in its application to "a petition filed under section 301, 302, or 303 of [title 11 of the United States Code], . . ."  11 U.S.C. § 362(a).  As a proceeding commenced under chapter 15 of the Bankruptcy Code is not a petition under sections 301, 302, or 303 of the Bankruptcy Code, the stay under section 362 simply does not arise at the same time or to the same extent in a chapter 15 petition.  *See, e.g.*, *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 862 (Bankr. C.D. Cal. 2008) ("Except in a chapter 15 case, the automatic stay applies from the moment that a bankruptcy case is filed."); *In re Petition of Shimmin*, No. 22-10039-JDL, 2022 WL 9575491, at *1 n.2  (Bankr. W.D. Okla. Oct. 14, 2022) ("Unlike the filing of cases under Chapters 7, 11, 12, 13 and involuntary bankruptcies, the filing of a Petition under Chapter 15 does not

impose the automatic stay under section 362(a)."); *In re Worldwide Educ. Services, Inc.*, 494 B.R. 494, 497 (Bankr. C.D. Cal.  2013) ("[T]he filing of the Chapter 15 petition by the Liquidator does not effectuate the automatic stay in bankruptcy . . . ." (citations omitted)).

14.    Instead, in a chapter 15 proceeding, it is the grant of recognition of a foreign main proceeding under 11 U.S.C. §1520(a)(l) that gives rise to the application of a limited stay under section 362 that is restricted to Point and the property of Point within the territorial jurisdiction of the United States.  Section 1520(a) provides:

> (a) Upon recognition of a foreign proceeding that is a foreign main proceeding—
>
> > (1) sections 361 and 362 apply with respect to the debtor **and the property of the debtor that is within the territorial jurisdiction of the United States**;
> >  . . .

11 U.S.C. § 1520(a) (emphasis added).

15.    Indeed, the court in *In re JSC Bank*, 434 B.R. 334 (Bankr. S.D.N.Y. 2010), provides useful insight into the scope of the stay arising pursuant to section 1520(a).  There, the bankruptcy court concluded:

> The phrase "within the territorial jurisdiction of the United States," as defined in section 1502(8), highlights the in rem nature of jurisdiction in a chapter 15 case and refers to tangible property within the territory of the United States and intangible property deemed under applicable nonbankruptcy law to be located within this country. *See* 11 U.S.C. § 1502(8). The definition is a source of clarity with respect to the intended scope of the automatic stay in a chapter 15 case — it applies only to property within the United States. As such, this territorial delineation serves to eliminate any doubt as to the extent of the authority of the bankruptcy court over property of a foreign debtor.

*Id.* at 342 (emphasis added).  *See also In re Agrokor d.d.*, 591 B.R. 163, 187 (Bankr. S.D.N.Y. 2018) ("Section 1520(a)(1) provides that the automatic stay will apply to all the debtor's property *that is located within the territorial jurisdiction of the United States*.  The statute refers specifically to the property of the debtor, as opposed to the property of the estate, since there is no estate in a Chapter 15 case . . . Despite this difference, the automatic effect of recognition of a foreign main

proceeding under section 1520(a) is an imposition of a stay on any action regarding the debtor's property located in the United States." (citations omitted)).

16.     Here, the Adversary Proceeding does not run afoul of the in rem nature of section 1510(a).  Rather, it seeks limited declaratory relief as to the contractual obligations between the parties and to fix and liquidate the General Partner's claim arising out of the Default, but not to recover that claim from assets located in the United States.

17.     Moreover, section 1509(b) provides that:

> If the court grants recognition under section 1517, and subject to any limitations that the court may impose consistent with the policy of this chapter [chapter 15] – (1) the foreign representative has the capacity to sue and be sued in a court in the United States . . . .

11 U.S.C. §1509(b).

**B.     Even if the Stay Authorized Under Section 1520(a) Applies, the Adversary Proceeding is Not a Violation under Section 362.**

18.     Even assuming arguendo that this Court were to determine that the Adversary Proceeding somehow conflicts with the limited stay arising under section 1520(a) although it is not against property "within the territorial jurisdiction of the United States," an adversary proceeding commenced under Bankruptcy Rule 7001 is not a violation of the automatic stay under section 362 of the Bankruptcy Code.

19.     The majority of bankruptcy courts, including courts in this district, hold that "the Code implicitly permits the filing of suit in the bankruptcy court against a debtor without violating the automatic stay." *Nat'l City Bank of Minneapolis v. Lapides (In re Transcolor Corp.)*, 296 B.R. 343, 358 (Bankr. D. Md. 2003) (citations omitted).  *See also Civic Ctr. Square, Inc. v. Ford (In re Roxford Foods, Inc.)*, 12 F. 3d 875, 878 (9th Cir. 1993) ("[T]he automatic stay [is not] applicable to a suit commenced in the same court where the bankruptcy was pending."); *Kesar, Inc. v. Uni-Marts, LLC (In re Uni-Marts, LLC)*, 405 B.R. 113, 129 (Bankr. D. Del. 2009) (collecting cases

-7-

adopting the majority view that the commencement of an adversary proceeding in the court where the bankruptcy proceeding is pending does not result in a violation of the stay under section 362).

20.    It was Point who made the decision to commence the Chapter 15 Petition in this Court, and the authority is clear that an adversary proceeding commenced pursuant to Rule 7001 is not a violation of the section 362 stay, particularly where, like here, the proceeding is equivalent to filing of a proof of claim.  Indeed, it should  not be lost on the Court that the General Partner's claims arising out of and related to Point's Default must be liquidated as a part of the winding up of its affairs at some juncture, and the Adversary Proceeding is designed to do exactly that by liquidating the General Partner's (a Delaware entity's) claim.  As such, the Court should determine that the Adversary Proceeding is not subject to the automatic stay or the stay under section 1520(a)(1).

**C.    Cause Exists Under Section 362(d)(1) of the Bankruptcy Code.**

21.    Finally, even assuming arguendo that the Court were to determine that the Adversary Proceeding constitutes an action against property of the debtor that is within the territorial jurisdiction of the United States—which it does not; and it constitutes a violation of the automatic stay, even though applicable authority directs that it does not; "cause" exists under section 362(d)(1) for relief from the stay.

22.    As discussed *supra*, the grant of recognition of a foreign proceeding under 11 U.S.C. §1520(a)(l) gives rise to the application of the stay imposed under 11 U.S.C. §362 in respect to the debtor and its property located within the territorial jurisdiction of the United States.

23.    "The procedure for obtaining a court order for relief from the U.S. automatic stay under subsections (d) through (g) of section 362 applies in a chapter 15 case."  *In re Manley Toys Ltd.*, No. 16-15374 (JNP), 2020 WL1580244, at *5 (Bankr. D.N.J. March 31, 2020) (citation omitted).

-8-

24.    A bankruptcy court has authority to terminate, annul, lift or condition the stay under 11 U.S.C. § 362(d).  After notice and a hearing, the court shall grant relief to a party in interest from the stay for "cause" pursuant to section 362(d)(l).  Except for lack of adequate protection, "cause" is not defined by § 362(d)(l), but it is a "flexible concept, is fact intensive, and is to be determined on a case-by-case basis upon consideration of the totality of the circumstances."  *In re Scarborough-St. James Corp.*, 535 B.R. 60, 67 (Bankr. D. Del. 2015) (citing *Tribune Media Servs., Inc. v. Warren Beatty (In re Tribune, Co.)*, 418 B.R. 116, 126 (Bankr. D. Del. 2009)). Further, the stay imposed under section 362 "is not meant to be absolute, and in appropriate instances relief may be granted." *In re SCO Grp., Inc*., 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Grp., Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989)).

25.    Courts typically evaluate whether cause exists under the *In re Rexene Prods. Co.* test, which includes:

   (a)   Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

   (b)   Whether the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and

   (c)   Whether the creditor has a probability of prevailing on the merits.

*Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.),* 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Abeinsa Holding, Inc.*, 2016 WL 53867039, at *2 (Bankr. D. Del. Oct. 6, 2016) (applying factors).[3]

---

[3] Additionally, this Court has also considered general policies underlying the section 362 stay when deciding whether to grant stay relief including: (i) whether relief would result in a partial or complete resolution of the issues; (ii) lack of any connection with or interference with the bankruptcy case; (iii) whether the other proceeding involves the debtor as a fiduciary; (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (v) whether the debtor's insurer has assumed full responsibility for defending it; (vi) whether the action primarily involves third parties; (vii)

### (i)    Application of the *Rexene* Factors Shows that "Cause" Exists Under Section 362(d)(1) for Relief From the Automatic Stay.

*Factor 1 -- Continuing the Adversary Proceeding Will Not Cause Any Great Prejudice to Point or its Estate.*

26.    Allowing the Adversary Proceeding to continue will not prejudice Point because the relief sought against Point will not materially impact or stall Point's Chapter 15 recognition proceeding as Point has already been granted recognition.  Rather, the Adversary Proceeding will aid in a more expedient timeline to determine Point's and Falcata's rights, remedies, and allocated assets under the Limited Partnership Agreement.  Thus, the first *Rexene* factor favors modifying the stay.

*Factor 2 -- The Hardship to the General Partner Greatly Outweighs Any Hardship to Point.*

27.    The hardship to the General Partner that would result from the Adversary Proceeding not moving forward greatly outweighs any hardship Point may experience by litigating the Complaint.  The breach of contract addressed in the complaint must be formally resolved in order to determine the rights of the parties and failing to litigate the Adversary Proceeding at this stage would only postpone the inevitable and increase undue burdens of time and expense for both parties.  Thus, the second *Rexene* factor also favors modifying the stay.

*Factor 3 – The General Partner has a strong Probability of Prevailing on the Claims in the Adversary Proceeding.*

---

whether litigation in another forum would prejudice the interests of other creditors; (viii) whether the judgment claims arising from the other action is subject to equitable subordination; (ix) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; (x) the interest of judicial economy and the expeditious and economical resolution of litigation; (xi) whether the parties are ready for trial in the other proceeding; and (xii) impact of the stay on the parties and the balance of harm.  *In re The SCO Group, Inc.*, 395 B.R. 852, 857 (citing *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1287 (2d Cir. 1990)).

28.     Not only do the General Partner's claims in the Adversary Proceeding hold merit; they without doubt have a strong likelihood of success.  The claims derive from the express language of the Limited Partnership Agreement, and the default at issue thereunder can be proven with direct support as set forth in the Adversary Complaint and the exhibits attached thereto.  Quite simply, Point was obligated to make the July Capital Contribution and it failed to, even after due notice.  Although Point may dispute certain aspects of the default and the rights and remedies to be pursued following default, there is ample evidentiary support already submitted with the General Partner's Adversary Complaint, and no similar evidence to refute such claims.  Thus, the third *Rexene* factor also favors modifying the stay.

**D.      Waiver of the 14-Day Stay Under Rule 4001 of the Federal Rules of Bankruptcy Procedure.**

29.     Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides, "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  *See* Fed. R. Bankr. P. 4001(a)(3).  As stated herein, the General Partner has, during the pendency of this matter, incurred and will continue to incur significant fees and expenses necessary to protect its rights with respect to the Fund Agreements.  Accordingly, the General Partner submits that the waiver of the 14-day stay pursuant to Rule 4001(a)(3) is necessary under the facts and circumstances of this case.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the General Partner respectfully requests that the Court (a) enter an order confirming that no stay of this Adversary Proceeding exists, or in the alternative, (b) grant relief from the stay arising under section 1520(a) of the Bankruptcy Code for "cause" and (c) grant such further relief as the Court deems just and proper.

Dated: March 23, 2023

By: *Eric D. Schwartz*
    Eric D. Schwartz (No.3134)
    Daniel B. Butz (No. 4227)
    Evanthea Hammer (No. 7061)
    Morris, Nichols, Arsht & Tunnell LLP
    1201 North Market Street, 16th Floor
    P.O. Box 1347
    Wilmington, DE 19899
    Telephone: (302) 658-9200
    Email: eschwartz@morrisnichols.com
          dbutz@morrisnichols.com
          ehammer@morrisnichols.com

    -and-

    Paul Werner (admitted *pro hac vice*)
    A. Joseph Jay III (admitted *pro hac vice*)
    SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
    2099 Pennsylvania Avenue NW, Suite 100
    Washington, D.C. 20006-6801
    Telephone: (202) 747-1900
    Email: pwerner@sheppardmullin.com
          jjay@sheppardmullin.com

    -and-

    Edward H. Tillinghast, III (admitted *pro hac vice*)
    SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
    30 Rockefeller Plaza
    New York, New York 10112-0015
    Telephone:  (212) 653-8700
    Email:  etillinghast@sheppardmullin.com

    *Attorneys for FTI GP I, LLC on behalf of Falcata Tech Investment Fund I, L.P.*