# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| POINT INVESTMENTS, LTD. (IN LIQUIDATION),[1] | Case No. 22-10261 (TMH) |
| | **Re: D.I. 53 & 65** |
| Debtor in a Foreign Proceeding. | |

## FOREIGN REPRESENTATIVES' REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF AN ORDER TO CONDUCT DISCOVERY PURSUANT TO 11 U.S.C. § 1521(a)(4), FED. R. BANKR. P. 2004, AND LOCAL RULE 2004-1

Andrew Childe and Richard Lewis of FFP Limited, and Mathew Clingerman of Kroll Bermuda Ltd. (the "Foreign Representatives"), in their capacity as the joint liquidators and foreign representatives of Point Investments, Ltd. (the "Debtor") in respect of the winding up proceeding pending before the Supreme Court of Bermuda, Commercial Court, Case 2020: No. 300 (the "Bermuda Proceeding"), by and through undersigned counsel, respectfully submit this reply to the *Objection of FTI GP I, LLC on Behalf of Falcata Tech Investments Fund to Motion of the Foreign Representatives for Entry of an Order to Conduct Discovery Pursuant to 11 U.S.C. § 1521(a)(4), Fed. R. Bankr. P. 2004, and Local Rule 2004-1* [D.I. 65] (the "Objection") and in further support of the *[SEALED] Motion of the Foreign Representatives for Entry of an Order to Conduct Discovery Pursuant to 11 U.S.C. § 1521(a)(4), Fed. R. Bankr. P. 2004, and Local Rule 2004-1* [D.I. 53] (the "Motion"),[2] and respectfully state as follows:

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is c/o Kroll Bermuda, The Vallis Building, 4th Floor, 58 Par-La-Ville Road, Hamilton, HM 11, Bermuda.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

# REPLY

**I.     If The Automatic Stay Applies, Then The Foreign Representatives' Discovery Motion Must Be Granted**

1.     The General Partner does not dispute that the Recognition Order, section 1521(a)(4) of the Bankruptcy Code, and Rule 2004 entitle the Foreign Representatives to broad discovery regarding the Debtor's assets. Nor does the General Partner dispute that the Foreign Representatives' discovery requests fall within the scope of Rule 2004. Rather, the Objection rests solely on the argument that Rule 2004 discovery is procedurally improper because of the pending proceeding rule. *See* Obj. ¶¶ 18-24.

2.     By not raising any objection other than the pending proceeding rule, the General Partner has conceded that the Foreign Representatives are entitled to Rule 2004 discovery if the Adversary Proceeding is not permitted to continue. In other words, if the Court rules that the automatic stay applies and should not be modified, there can be no dispute that Rule 2004 discovery is appropriate because the Adversary Proceeding would be void *ab initio*. Mot. ¶ 32. And if the Adversary Proceeding is void, there is no pending proceeding.

3.     The Rule 2004 requests are also appropriate because they indisputably seek information about Falcata and the General Partner that would assist the Foreign Representatives in potentially bringing claims and recovering assets for the benefit of the Debtor's stakeholders—which are some of the key purposes for which the Foreign Representatives were appointed as Joint Liquidators. *See Krys v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP* (*In re China Med. Techs., Inc.*), 539 B.R. 643, 649 (S.D.N.Y. 2015) ("[O]ne of the main purposes of Chapter 15 is to assist a foreign representative in the administration of the foreign estate, and Rule 2004 proceedings are one of the mechanisms by which bankruptcy courts provide such assistance.") (internal quotation marks and citations omitted). For example, regardless of whether there was a breach under the

LPA or MTA (which the General Partner claims is in the magnitude of $625,000 for payment of fees), the Foreign Representatives are still entitled to a distribution from the Fund upon the sale of the Fund's underlying Investment, and the sale price of that Investment will exceed $625,000 by several orders of magnitude. Due to the Falcata Parties' resistance to discovery, the Foreign Representatives have not been able to evaluate what the likely sale price of the Investment would be or what distribution they should expect. Additionally, the Foreign Representatives have been hindered in investigating whether the purported notice of default was properly issued and whether there are potential claims against any of the Falcata Parties (*e.g.*, for breach of fiduciary duty). Each of these lines of inquiry are properly within the scope of Rule 2004, and they were therefore included within the Discovery Requests.

4. Here, Rule 2004 discovery would be particularly appropriate because the General Partner has alleged that the Bermuda Court does not have jurisdiction over it, likely making it difficult for the Foreign Representatives to obtain discovery against it in Bermuda. *See generally In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 347 (Bankr. S.D.N.Y. 2012) ("[O]ne of the main purposes of chapter 15 is to assist a foreign representative in the administration of the foreign estate . . . which would militate in favor of granting a foreign representative broad discovery rights using the full scope of Rule 2004."); *see also In re Platinum Partners Value Arbitrage Fund L.P.,* No. 18CV5176 (DLC), 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018) (denying motion to stay chapter 15 discovery and analogizing to 28 U.S.C. § 1782, which permits discovery against third-parties located in the United States in aid of foreign litigation). Thus, Rule 2004 discovery provides the Foreign Representatives with the exact assistance that section 1521(a)(4) was designed to facilitate by allowing the Foreign Representatives to take discovery in the United States to aid their liquidation efforts in Bermuda.

## II. Even If The Adversary Proceeding Is Permitted To Proceed (Which It Should Not), The Court Has Discretion To Grant The Foreign Representatives' Discovery Motion

5. Even if the Adversary Proceeding is permitted to go forward, the Foreign Representatives maintain that the pending proceeding rule should not apply. Whether to apply the pending proceeding rule is within the discretion of the Bankruptcy Court. *See* FED. R. BANKR. P. 2004(a) ("On motion of any party in interest, the court *may* order the examination . . .") (emphasis added); s*ee also In re Camferdam*, 597 B.R. 170, 174 (Bankr. N.D. Fla. 2018) (holding that "[a]pplying the pending proceeding rule is discretionary and not mandatory," and allowing Rule 2004 discovery commenced prior to the filing of an adversary case to proceed); *In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 628 ("[A]n aggressive application of the pending proceeding rule may prevent legitimate Rule 2004 examinations . . . .") (internal quotation marks omitted).

6. Here, the Bankruptcy Court should decline to apply the pending proceeding rule in light of the Falcata Parties' conduct, including their continual delays. Indeed, the Motion was filed after more than a year of the Foreign Representatives' attempts to obtain information from the Falcata Parties informally. The Discovery Requests were served only after such informal discovery proved fruitless, and the purpose of the Discovery Requests was to learn about the Debtor's assets, not to assist with the Adversary Proceeding (which was not yet pending). To comply with Local Rule 2004-1(a), undersigned counsel sent counsel to the Falcata Parties the Discovery Requests on December 9, 2022, instead of filing a formal Rule 2004 motion.

7. As set forth in more detail in the Motion, over the course of the next twelve weeks, the Falcata Parties feigned that they would work cooperatively with the Foreign Representatives to respond to the Discovery Requests. Indeed, after a series of meet and confers, including one on February 27, 2023, the Falcata Parties agreed to propose search terms, consider custodians, enter into an ESI protocol, and respond to the Discovery Requests on a request-by-request basis by

March 3, 2023. These representations made by the Falcata Parties were the primary reason why the Foreign Representatives did not file a motion to compel an examination. Then, on March 3, 2023 (*i.e.*, the very same day the Foreign Representatives were expecting a fulsome discovery response), the General Partner, on behalf of Falcata, filed the Adversary Complaint initiating the Adversary Proceeding. Since that time, the Falcata Parties have not produced a single document, nor have they abided by their prior commitment to propose search terms, enter into an ESI protocol, and respond to the Discovery Requests on a request-by-request basis.

8. Given that the Falcata Parties have now been in receipt of informal discovery requests for more than a year, formalized discovery requests for nearly five months, and a motion for discovery for almost two months, the time for production is <u>now</u>, particularly if the Court anticipates taking under advisement the parties' motions concerning the automatic stay. Stated simply, the Foreign Representatives should not have to start from scratch in an adversary proceeding given the Falcata Parties' already lengthy delays.

9. Lastly, the Falcata Parties appear to take the position that *all* the discovery requests are relevant to the subject of the Adversary Proceeding. *See* Obj. at 29 ("Contrary to the Debtor's assertion, every Rule 2004 Discovery Request relates to the Fund Agreements: the default thereunder; the disputed results of such default – legally and monetarily; communication around such default; and the relationship and rights of the Parties."); Obj. ¶ 30 ("The information sought in the Motion overlaps entirely with the Adversary Proceeding …."). As such, even if the Court denies the Motion and permits the Adversary Proceeding to go forward, it should be without prejudice to the Foreign Representatives seeking the information contained in the 2004 requests through discovery in the Adversary Proceeding under the Federal Rules of Civil Procedure. By the

General Partner's own admissions, such information sought is central to the dispute between the parties.[3]

## **CONCLUSION**

For these reasons, the Foreign Representatives respectfully request that the Court grant the Motion.

*[Remainder of Page Intentionally Left Blank]*

---

[3] Likewise, any denial of the Motion should be without prejudice to the Foreign Representatives' ability to reissue discovery under Rule 2004 and section 1521(a)(4) to the extent the Falcata Parties later claim—contrary to the suggestion in their Objection—that the discovery sought by the Foreign Representatives is beyond the scope of permissible discovery in the Adversary Proceeding.

Dated: May 9, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Stephen J. Astringer*
**KOBRE & KIM LLP**
Jacob R. Kirkham (No. 5768)
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
jacob.kirkham@kobrekim.com
stephen.astringer@kobrekim.com

-and-

Adriana Riviere-Badell (admitted *pro hac vice*)
Evelyn Baltodano Sheehan (admitted *pro hac vice*)
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: (305) 967-6100
Facsimile: (305) 967-6120
adriana.riviere-badell@kobrekim.com
evelyn.sheehan@kobrekim.com

-and-

Adam M. Lavine (admitted *pro hac vice*)
John G. Conte (*pro hac vice* pending)
800 Third Avenue
New York, New York 10022
Telephone: (212) 380-2580
Facsimile: (212) 488-1220
Adam.lavine@kobrekim.com
John.conte@kobrekim.com
*Counsel to the Foreign Representatives*