**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| POINT INVESTMENTS, LTD. (IN LIQUIDATION),[1] | Case No. 22-10261 (TMH) |
| Debtor in a Foreign Proceeding. | |

**SUPPLEMENTAL DECLARATION OF MATHEW CLINGERMAN IN
SUPPORT OF (I) FOREIGN REPRESENTATIVES' MOTION FOR ENTRY
OF AN ORDER (I) RECOGNIZING AND ENFORCING THE
BERMUDA SALE ORDER, AND (II) GRANTING RELATED RELIEF
AND (II) FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN
ORDER (I) RECOGNIZING AND ENFORCING THE BERMUDA
DISTRIBUTION ORDER AND (II) GRANTING RELATED RELIEF**

1.      I, Mathew Clingerman of Kroll Bermuda Ltd., in my capacity as one of the Joint Liquidators and foreign representatives of Point Investments, Ltd. (the "Debtor"), make this supplemental declaration (this "Supplemental Declaration") pursuant to 28 U.S.C. § 1746 and state:

2.      I am over the age of 18 and, if called upon, could testify as to the matters set forth in this Supplemental Declaration.

3.      I, along with Richard Lewis and Andrew Childe of FFP Limited, are the joint liquidators and foreign representatives of the Debtor (collectively the "Joint Liquidators" or "Foreign Representatives") in respect of the winding up proceeding pending before the Supreme Court of Bermuda (the "Bermuda Court"), Commercial Court, Case 2020: No. 300.

4.      I submit this Supplemental Declaration in further support of: (a) *Foreign Representatives Motion for Entry of an Order (I) Recognizing and Enforcing the Bermuda Sale*

---

[1] The Debtor is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 43769. The Debtor's registered office is c/o Kroll Bermuda, The Vallis Building, 4th Floor, 58 Par-La-Ville Road, Hamilton, HM 11, Bermuda.

*Order and (II) Granting Related Relief* (the "<u>Sale Recognition Motion</u>"); and (b) *Foreign Representatives Motion for Entry of an Order (I) Recognizing and Enforcing the Bermuda Distribution Order and (II) Granting Related Relief* (the "<u>Distribution Recognition Motion</u>", and together with the Sale Recognition Motion, the "<u>Motions</u>").[2]

5. The statements made in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by other professionals and/or employees working under my supervision, or my opinion based on my experience, knowledge, and information concerning the Debtor. The following statements are true to the best of my knowledge, information, and belief formed after a reasonable inquiry under the circumstances.

## The Bermuda Orders

6. At a hearing on September 13, 2024, the Bermuda Court entered orders approving, among other things: (i) the Joint Liquidators' execution of, entry into, and performance under three purchase and sale agreements (the "<u>PSAs</u>") in substantially the form submitted to the Bermuda Court; and (ii) the Joint Liquidators' distribution of the relevant sale proceeds to Spanish Steps (the "<u>Distribution Order</u>").

7. The PSAs contemplate a partial sale of the Debtors' interests in certain private equity limited partnerships (the "<u>Vista LP Interests</u>") to Empire Opportunistic Secondary Fund LP, ASF Lookout, L.P., and PGSF VII Holdings LP (the "<u>Transactions</u>"). Subject to executing the PSAs and closing the Transactions on September 30, 2024 as contemplated, the Joint Liquidators expect the Debtor to benefit from an aggregate sales price of $563.6 million. Each of the purchasers is acquiring a different proportion of the Vista LP Interests, but each buyer is making

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motions.

such acquisition at the same price for the portfolio (as a percentage of the Vista Funds' recently reported net asset value). As noted in my prior declaration, the Joint Liquidators instructed Jefferies to seek such price (as a percentage of net asset value) for all sales. *See* D.I. 146, ¶ 17.

8. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the order dated September 13, 2024 approving the PSA with Empire Opportunistic Secondary Fund LP (the "<u>First Bermuda Sale Order</u>").

9. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the order dated September 13, 2024 approving the PSA with ASF Lookout, L.P. (the "<u>Second Bermuda Sale Order</u>").

10. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the order dated September 13, 2024 approving the PSA with PGSF VII Holdings LP and certain of its affiliates (the "<u>Third Bermuda Sale Order</u>").

11. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the Distribution Order.

**The Importance of the September 23, 2024 Hearing Date**

12. As I discuss further below, it is critically important that the sale transactions close on September 30, 2024 and, therefore, that the hearing on September 23, 2024 proceed as currently scheduled.

13. Under the Key Terms of Arrangement that has been approved by this Court, *see* D.I. 135, the transfer of the Vista LP Interests requires the consent of each general partner of the Vista Funds. Without this consent, the transactions cannot be completed in accordance with the Key Terms of Arrangement. Investment funds, including the Vista Funds, report on a quarterly basis. I understand from my advisors that fund managers do not generally accommodate intra-quarter transfers and that Vista has confirmed it does not intend to do so here.

14. I understand from transactional counsel that the sale transactions require between 3 and 5 business days between this Court's recognition of the Bermuda Sale Orders and the closing of the transactions. Indeed, such a requirement is included within the applicable sale agreements themselves. Therefore, holding the hearing for the Court to approve the proposed order on September 23, 2024 is critical to a successful closing by September 30, 2024.

15. If the transaction closings were to be delayed until December 31, 2024, it would expose the Debtor to unnecessary commercial risk that the transactions would not close as anticipated or at all. Even if the transactions could still close, but not until December 31, 2024, delaying the closings in that manner would have a significant and detrimental financial impact on the Debtor because the Debtor would not be benefit from the interest income or other returns that could be generated on the cash it is expected to receive on September 30, 2024. For example, simply investing the anticipated net sale proceeds of approximately $560 million in 3-month treasury bills would provide the Debtor with expected interest income in the region of $6.9 million between September 30, 2024 and December 31, 2024.[3]

### The Additional Transaction Documents and Supplemental Sealing Motion

16. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of the execution version of the PSA approved by the Bermuda court pursuant to the First Bermuda Sale Order.[4]

17. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of the execution version of the PSA approved by the Bermuda court pursuant to the Second Bermuda Sale Order.

18. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of the execution version of the PSA approved by the Bermuda court pursuant to the Third Bermuda Sale Order.

---

[3] Based on the 3-month treasury of 4.9% according to Bloomberg as of September 13, 2024

[4] A true and correct copy of such PSA was previously attached to my declaration dated September 9, 2024 [D.I. 146].

19. On the date hereof, the Joint Liquidators have filed a motion to redact and file under seal the Exhibits attached hereto, including the PSAs.

20. While the PSAs are, in broad terms, commercially similar, each contains commercially sensitive information. Each of the purchasers negotiated a discrete set of terms and conditions for the applicable sale transaction, as reflected in its PSA. If the PSAs were publicly disclosed, each purchaser would be permitted to view the terms and conditions agreed by the others, potentially complicating the closing of these transactions on the specific terms and conditions that have been negotiated. Any further reconsideration of the terms already negotiated would likely be to the detriment of the Debtor and with additional cost. In addition, I understand that disclosure of the PSAs may invite scrutiny by capital providers to the purchasers which could, in turn, add additional unwanted friction among the Joint Liquidators, purchasers, and their investors.

21. I understand from my advisors that confidentiality is the norm in sales of private equity interests on the secondary market given the nature of the private equity industry and the Joint Liquidators agreed to non-disclosure agreements with each of the purchasers as well as agreeing to confidentiality covenants in the PSAs. Many buyers of private equity interests in the secondaries market are investment funds with outside investors. The investments they make may be disclosed as part of their reporting to investors, but they do not necessarily disclose transaction details, or the transaction documents involved in making those investments, unless required by law. The PSAs also contain confidential information regarding the Vista Funds, such as the reported net asset value ("NAV") and the price at which such funds have been valued as a percentage of the NAV.

22.     Although each of the PSAs has been negotiated into a final form as exhibited, none of them are yet signed.  The ongoing cooperation of the purchasers and Vista is critical to ensuring the PSAs are progressed to execution and closed on September 30, 2024.  Disclosing unnecessary, sensitive, and confidential information would add further risk to this process that should be avoided if possible.

[*Remainder of page intentionally blank*]

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 13th day of September, 2024
Hamilton, Bermuda

Mathew Clingerman, in his capacity as one of the Joint Liquidators and Foreign Representatives of Point Investments Ltd.